IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE TRASK, BETH TRASK, *and* A.T., *a minor, by and through her parents and natural guardians* WAYNE TRASK and BETH TRASK,<br><br>Plaintiffs,<br><br>v.<br><br>OLIN CORPORATION, *individually and trading and doing business as* WINCHESTER,<br><br>Defendant. | Civil Action No. 12-340<br>Judge Nora Barry Fischer |

## ORDER

AND NOW, this 8th day of October, 2015, upon consideration of Plaintiffs' Motion for Reconsideration of the Court's Order Scheduling *Daubert* Hearings (Docket No. [193]) and Defendant Olin Corporation's Opposition to Plaintiffs' Motion for Reconsideration (Docket No. [198]), the Court DENIES Plaintiffs' Motion for the following reasons.

First, Plaintiffs' Motion was untimely. Plaintiffs' Motion was filed on September 25, 2015, yet the Order upon which Plaintiffs moved for reconsideration was filed on September 3, 2015. (Docket No. [187]). According to this Court's Practices and Procedures, "Any Motions for reconsideration shall be filed within seven (7) days." (Practices and Procedures of Judge Nora Barry Fischer Effective February 5, 2013 § II(M)). Second, this Court finds persuasive Defendant's arguments refuting reconsideration. *See* Forta Corp. v. Surface Tech, LLC et. al., 2:13-cv-1608 (Docket No. 131 at 4):

> The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see United States v. Hoey*, 2011 WL 748152, at \*2 (citation

1

omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, Cr. No. 10-204, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted). Rather, such a motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue. *Hoey*, 2011 WL 748152, at *2.

Lastly, to the extent that Plaintiffs take the position that it is costly and burdensome to bring their experts to Pittsburgh for the scheduled *Daubert* hearing, following resolution of Defendant's Motions to Preclude Testimony from Plaintiffs' Experts (Docket Nos. 171 & 172), this Court may entertain a motion for cost shifting from Plaintiffs, should they prevail. *See* FED. R. CIV. P. 11; *In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 675 (S.D. Tex. 2005); *cf. Jenkins v. Novartis Pharmaceutical Corp.*, 2012 WL 2343287 at *1 (E.D. Tenn.).

IT IS SO ORDERED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record